# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES NEEL and | § | PLAINTIFFS |
| BONNIE NEEL | § | |
| | § | |
| V. | § | CIVIL NO. 1:12cv311-HSO-RHW |
| | § | |
| FANNIE MAE; RESIDENTIAL | § | DEFENDANTS |
| CREDIT SOLUTIONS, INC.; SAXON | § | |
| MORTGAGE SERVICES, INC.; | § | |
| CAPITAL LENDING, LLC; | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC.; | § | |
| and JOHN DOES 1-10 | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART SAXON MORTGAGE SERVICES, INC.'S MOTION TO STRIKE EXPERT WITNESS REPORT AND EXCLUDE OPINION TESTIMONY OF BERNARD JAY PATTERSON, AND EXCLUDING OPINION THAT SAXON VIOLATED THE DEED OF TRUST

BEFORE THE COURT is Defendant Saxon Mortgage Services, Inc.'s

("Saxon") Motion to Strike Expert Witness Report and Exclude Opinion Testimony

of Bernard Jay Patterson [149]. Plaintiffs Charles and Bonnie Neel have filed a

Response in Opposition [182] [183] and Saxon a Rebuttal [203]. After considering

the pleadings on file, the record, and relevant legal authority, the Court finds that

Saxon's Motion should be granted in part and denied in part. Mr. Patterson will be

permitted to testify at trial, but his Conclusion 10 [149-2] opining that Saxon's

alleged misapplication of payments violated the Deed of Trust is inadmissible and

will be excluded from evidence at trial.

## I. <u>BACKGROUND</u>

This civil action arises from Plaintiffs' execution of a note secured by a Deed of Trust [149-4] covering their home.[1]  Second Am. Compl. 1-3 [63].  Saxon serviced Plaintiffs' Loan from March 2010 through April 2012.  Decl. of Annette Anderson ¶¶ 4-5 [205-1].  Plaintiffs assert that Saxon misapplied and/or reversed several payments Plaintiffs made on the Loan.  *See generally* Second Am. Compl. [63].  To support their claims, Plaintiffs retained the services of Mr. Bernard Jay Patterson, a "Certified Fraud Examiner."  Expert Witness Report of Bernard Jay Patterson, CFE ("the Report") 1 [149-2].  In his Report, Mr. Patterson states that he analyzed documents produced by Saxon, Mortgage Electronic Registration Systems, Inc., Residential Credit Solutions, Inc., and Plaintiffs.  *Id*. at 4.  Based on his forensic analysis of the data contained in the documents, Mr. Patterson prepared a transaction history of the Loan and offered 15 conclusions or opinions.  *Id*. at 14-15.

Saxon has moved to strike the Report and opinions of Mr. Patterson on grounds that Mr. Patterson is not qualified and his opinions are both unreliable and irrelevant under Rule 702 of the Federal Rules of Evidence as interpreted in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588-598 (1993).  Mem. in Supp. of Mot. to Strike Expert Witness Report and Exclude Op. Test. of Bernard Jay Patterson ("Mem. in Supp. of Mot. to Strike") 1-4 [150].  Saxon argues that Mr. Patterson's opinions do not pass *Daubert* scrutiny because they are simply a "regurgitation" of Saxon's payment history and servicing notes and they do not qualify as scientific or technical.  *Id*. at 5-6, 7-9.  Saxon also asserts that Mr.

---

[1] The note and Deed of Trust will be referred to collectively as the "Loan."

Patterson's opinion that Saxon misapplied Plaintiffs' payments in violation of the terms of the Deed of Trust constitutes an inadmissible legal conclusion.  *Id*. at 9-13.

Plaintiffs respond that Mr. Patterson qualifies as an expert under Rule 702 and *Daubert*.  Mem. in Supp. of Pls.' Resp. in Opp'n to Saxon's Mot. to Strike Expert Witness Report and Exclude Op. Test. of Bernard Jay Patterson ("Pls.' Resp. in Opp'n") 3 [183].  According to Plaintiffs, since Mr. Patterson is not relying on a scientific background but on his experience and training, the *Daubert* factors should have no bearing on whether he is qualified.  *Id*. at 5-6.  Plaintiffs reason that Mr. Patterson's opinions will be helpful to the trier of fact in understanding the documentation in this case.  *Id*. at 9, 19.  Plaintiffs maintain that Mr. Patterson's opinion that Saxon did not comply with the application of payments provision of the Deed of Trust is admissible under Rule 704 of the Federal Rules of Evidence.  *Id*. at 10-11.  Plaintiffs posit that Mr. Patterson's opinion that Saxon violated the application of payments provision of the Deed of Trust should not be excluded because it is "expert financial opinion[] and not a legal opinion."  *Id*. at 15.

## II. <u>DISCUSSION</u>

A.  <u>Legal Standard</u>

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)   the testimony is based on sufficient facts or data;

>  (c)   the testimony is the product of reliable principles and methods; and
>  (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the Rule 702 test." *Mathis v. Exxon*, 302 F.3d 448, 459-60 (5th Cir. 2002).

"Under *Daubert*, trial courts act as gate-keepers overseeing the admission of scientific and non-scientific expert testimony." *Burleson v. Tex. Dept. of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004)) (citation omitted).  In carrying out this role, courts must ensure that a purported expert is qualified and his testimony is both reliable and relevant.  *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (citing *Daubert*, 509 U.S. at 592-93).

To be reliable, an expert opinion must be the product of reliable principles and methods. Fed. R. Evid. 702(c).  If not, the opinion is nothing more than "'unsupported speculation or subjective belief.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (citing *Daubert*, 509 U.S. at 590).  "The analysis to be undertaken in determining an expert's reliability is a flexible one and depends on the facts and circumstances of each case." *Id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)).  As the Fifth Circuit Court of Appeals has made clear,

>  Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue.  Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Holbrook v. Lykes Bros.*

*S.S. Co., Inc.*, 80 F.3d 777, 782 (3d Cir. 1996) (reasoning that "most arguments about an expert's qualifications relate more to the weight to be given the expert's testimony than to its admissibility").

*Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

B.    Analysis

      1. Mr. Patterson's Qualifications

Turning first to Saxon's assertion that Mr. Patterson is not qualified to testify as an expert in this case, Rule 702 "does not impose the extra requirement of certification; rather it provides that an expert should have specialized knowledge and anchor his opinion on reliable principles or methods." *Natchez Reg'l Med. Ctr. v. Quorum Health Res., LLC*, 879 F. Supp. 2d 556, 577 (S.D. Miss. 2012). Saxon does not argue that Mr. Patterson's opinions are based upon principles or methods which are not reliable. Mem. in Supp. of Mot. to Strike 5. Saxon focuses on Mr. Patterson's knowledge and points out that he has no plans to become a Certified Public Accountant and did not graduate from college. *Id.*

The record indicates that Mr. Patterson's background includes completion of some college education requirements, and nine years of experience working on matters involving fraud and forensic accounting analysis, both in the context of mortgage servicing. Dep. of Bernard J. Patterson ("Patterson Dep.") 9:22-10:6, 17:18-24 [182-1]. In obtaining certification as a fraud examiner, Mr. Patterson has had to undergo peer review and successfully complete four separate examinations. *Id.* at 16:11-23.  Mr. Patterson has led seminars on topics regarding mortgage

servicing systems and how those systems can be used in the context of bankruptcy and/or foreclosure. *Id*. at 29:2-20.

The Court is of the opinion that Mr. Patterson's background, training, and experience in forensic accounting pertaining to the area of mortgage loan servicing provides sufficient specialized knowledge to qualify him to offer testimony consistent with the Report related to the accounting analysis he has performed in this case. Mr. Patterson's analysis of the Loan and its servicing will assist the trier of fact in understanding the evidence related to Saxon's servicing of the Loan and determining the facts at issue. Mr. Patterson's analysis is based upon documents produced in this case, including documents produced by Saxon. To the extent that Saxon challenges the documentation Mr. Patterson relied upon to reach his opinions and conclusions, that challenge goes not to the admissibility of Mr. Patterson's opinions, but to the weight to be accorded those opinions. *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.") (citation and quotation marks omitted).

2. Mr. Patterson's Opinion that Saxon Violated the Deed of Trust

Having determined that Mr. Patterson is qualified and that his analysis and opinions related to Saxon's payment history and servicing notes will assist the trier of fact, the next issue is whether Mr. Patterson's opinion that Saxon's alleged

misapplication of payments violated the Deed of Trust's application of payments provision constitutes a legal conclusion.  "[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).  Mr. Patterson opines that "the misapplication of borrower funds to escrow and fees is a violation of" the Application of Payments or Proceeds provision of the Deed of Trust.  Expert Witness Report of Bernard Jay Patterson, CFE 14 [149-2].  Essentially, Mr. Patterson proposes to testify that Saxon breached the contract at issue in this case.  The Court is of the view that by its terms this opinion is nothing more than a legal conclusion drawn from the analysis of evidence produced in this case.  As such, it is inadmissible.  *See, e.g.*, *Russ v. Safeco Ins. Co. of Am.*, No. 2:11-cv-195-KS-MTP, 2013 WL 1310501, at *22 (S.D. Miss. Mar. 26, 2013) (allowing financial expert to testify as to the existence of inconsistencies between a plaintiff's financial records and statements the plaintiff made during an examination under oath but specifically precluding the expert from testifying that the plaintiff engaged in fraud or misrepresentation); *Floyd v. Hefner*, 556 F. Supp. 2d 617, 640 (S.D. Tex. 2008) ("An expert witness may not offer testimony regarding legal conclusions.") (citing *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997)).

Plaintiffs' reliance upon Rule 704 to argue that Mr. Patterson's conclusion that Saxon's misapplication of payments constitutes a violation of the terms of the Deed of Trust is misplaced.  "Rule 704 . . . does not open the door to all opinions. . . . [Q]uestions which would merely allow the witness to tell the jury what result to

reach are not permitted. Nor is the rule intended to allow a witness to give legal conclusions." *Owen*, 698 F.2d at 240 (emphasis in original) (citations omitted). "Rule 704 was not intended to allow a witness to testify regarding legal conclusions." *United States v. Pettigrew*, 77 F.3d 1500, 1515-16 (5th Cir. 1996) (citing *Owen*, 698 F.2d at 239-40). These cases make plain that Mr. Patterson's legal conclusion that Saxon's alleged misapplication of payments amounted to a breach of the Deed of Trust's payment provision is not rendered admissible by Rule 704.

In sum, while the Court finds that Mr. Patterson qualifies as being able to provide expert testimony, Mr. Patterson's opinion that Saxon breached the terms of the Deed of Trust by failing to correctly apply Plaintiffs' payments constitutes an inadmissible legal conclusion, and it will not be permitted at trial. Mr. Patterson will be permitted to provide testimony related to his analysis of Saxon's payment history and servicing notes. Mr. Patterson's Conclusion 10 [149-2], however, shall not be admissible at trial, and he shall not be permitted to provide opinion testimony conveying that legal conclusion. *See, e.g.*, *Austin Firefighters Relief & Ret. Fund v. Brown*, 760 F. Supp. 2d 662, 671 n.3 (S.D. Miss. 2010) (disregarding as an impermissible legal conclusion an expert's opinion that because "transaction supported [the] public policy [of encouraging contributions to nonprofit organizations]," transaction was not against public policy); *Shoemake v. Rental Serv. Corp.*, No. 1:06-cv-426-HSO-JMR, 2008 WL 215818, at *3 (S.D. Miss. Jan. 22, 2008) (concluding that testimony as to what constituted an "abuse[] of authority"

and the "proximate cause" amounted to inadmissible legal determinations).  Based on the foregoing, Saxon's Motion should be granted in part and denied in part.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Saxon Mortgage Servicers, Inc.'s Motion to Strike Expert Witness Report and Exclude Opinion Testimony of Bernard J. Patterson [149] is **GRANTED IN PART** and **DENIED IN PART**.  Mr. Patterson's opinion that Saxon's alleged misapplication of payments constituted a violation of the terms of the Deed of Trust will not be permitted at trial.

**SO ORDERED AND ADJUDGED**, this the 20th day of March, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE